· No. 25,137.

THE HOXIE STATE BANK, *Appellee,* v. S. C. BREWER (WALTER SUTTON et al.), *Appellant.*

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Distribution of Crop—Chattel Mortgage by Lessor.* One who was not the owner of land having made a lease to a tenant on the basis of an equal division of the wheat crop between the lessor and lessee, it is held that the holder of a chattel mortgage on one-third of the growing crop given by the lessor is not *prima facie* entitled to any part of the lessee's half, in the absence of a showing as to the relations between the owner of the land and the lessor.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge. Opinion filed April 5, 1924. Reversed.

*C. L. Thompson,* of Hoxie, for the appellant.

*W. H. Clark,* of Hoxie, *W. L. Sayers,* and *J. S. Parker,* both of Hill City, for the appellee.

The opinion of the court was delivered by

MASON, J.: This case concerns the distribution of a crop of wheat raised by S. C. Brewer on two adjoining quarter sections in 1922. Brewer occupied the land under an oral lease from Walter Sutton for one year from September 1, 1921, by the terms of which Sutton was to furnish the seed wheat, the expense of threshing and hauling was to be divided equally between them, and Brewer was to give to Sutton as rent half the wheat grown. Sutton executed to the Hoxie State Bank a chattel mortgage on one-third of the growing wheat. This action was brought by the bank to enforce the mortgage, Brewer and Sutton being made defendants. The trial court withdrew the case from the jury and rendered judgment for the plaintiff upon the pleadings and admissions, awarding the bank one-third of the wheat and in effect limiting Brewer's share to one-third, that result following from these circumstances: Pending the trial, by agreement of the parties (but with an express stipulation that their respective rights should not be thereby affected) one-third of the wheat was received by Brewer, one-sixth was delivered to the bank, one-sixth was sold and the proceeds placed with the clerk of the court to abide the judgment, and the remaining one-third was turned over to Sutton's father and the bank cashier, who are said

to be the respective owners of the two quarters, although that fact was neither pleaded nor proved. They were not parties to the action, but the stipulation contained a recital that they claimed to be entitled to one-third of the crop as rental. The court's order was that the money in the hands of the clerk should be paid to the bank, nothing being said concerning the wheat held by the owners. Brewer appeals.

The theory of the plaintiff is that inasmuch as Brewer pleaded and testified that he had leased the land from Sutton agreeing to give him half the crop as rent he thereby admitted that Sutton owned half the crop and as Sutton owned half the wheat he could of course give a valid mortgage on a third of it. We regard this reasoning as unsound because it assumes without evidence that the owners of the land were entitled to receive something out of the tenant's half of the crop. The plaintiff expressly admitted that Sutton had made the lease and the evidence was that he furnished the seed in accordance therewith. It was not shown how he came to be leasing the land, but the validity of the lease is not challenged. Brewer omitted to plead or prove that Sutton undertook to adjust matters with the owners, but alleged in an affidavit in support of his motion for a new trial that such was the case. The omission complicates matters somewhat, but we think in the absence of any evidence on the subject it must be presumed that the parties contemplated that if the owners were to receive anything from the crop it was all to come out of Sutton's share and no part of it out of Brewer's. It could hardly be assumed without evidence that when Sutton contracted for his receiving the landlord's half of the crop as rent Brewer was to account also to the owners of the land. Brewer's pleading that he had agreed to give Sutton half of the crop as rent cannot reasonably be construed as meaning to admit that his own half was to be liable for any further landlord's charge. In fact the answer expressly alleged that he had a half interest in the wheat on which the plaintiff had no lien, and in the bank's brief it is said: "The answer of the appellant was drawn upon the theory that appellant had leased from Sutton, and that the one-half of the wheat belonged to Sutton, and that Sutton was to settle with land owners, and that landlords had consented to such an arrangement and had acquiesced therein." As between Sutton and Brewer we think it quite clear that upon the pleading and evidence Brewer was entitled to half the crop. What-

ever claim the owners might have against Brewer or his share of the crop by virtue of their ownership, no contractual relation between them being shown, does not seem important here. They did not attack the lease and were not parties to the action. The controversy here grows out of the relations of Sutton and Brewer. The bank has no claim except such as it derived from Sutton. Its interest is carved out of his and it can assert no greater right against Brewer than he could have done. Even in the absence of evidence that he had expressly agreed that the owners should be paid out of his share of the crop we think as against him or any one claiming under him an inference of an understanding to that effect may be drawn from his assuming to make the lease. He is not in a position as against his tenant to deny his own title (16 R. C. L. 653; 21 C. J. 1111, § 111) and the bank is in no better situation. In ordering the proceeds of one-sixth of the crop in the hands of the clerk to be paid to the bank the court in effect denied Brewer's right to a half of the crop as against Sutton. We do not think this was warranted by the fact that Brewer had agreed to give Sutton half the crop as rent.

After the motion for judgment in its favor had been made by the plaintiff, but before it had been ruled upon, Brewer asked leave (which was refused) to amend his answer by inserting among other matters a statement that the claim made by the bank and the owners was that the terms on which the land was rented to Brewer were that the owners were to receive one-third of the crop for the use of the land, Sutton one-third for furnishing the seed, and Brewer one-third for his work. The trial court had been quite liberal in allowing evidence to be introduced after the parties had rested, and a refusal to allow an amendment to the pleadings was within its discretion, even if the matter offered was pertinent. But if the actual controversy was as indicated by the offer the case was obviously not tried out on its merits, and a settlement of the controversy might be made easier by such amendments of the pleadings as to present the respective claims more clearly.

The judgment is reversed with directions to grant a new trial.